# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| BOBBY CULBREATH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV 06-378-RAW-KEW |
| JUSTIN JONES, DOC DIRECTOR, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma (HMCC), challenges his loss of 120 earned credits and other punishments that resulted from a misconduct conviction for Individual Disruptive Behavior. He alleges there was no evidence to support the misconduct, and the prison is run on a "good ol' boy" system.

According to petitioner, he and his cellmate Inmate Beard had problems from the day petitioner arrived at HMCC in November 2005, because Beard was required to move to the top bunk when petitioner moved into their cubicle. The discord between petitioner and Beard continued until May 23, 2006, when petitioner reported the situation to Correctional Counselor Lee Vaughn, who told petitioner to "work it out." Vaughan suggested that petitioner speak with Correctional Psychiatrist Dr. Lester, so petitioner sent Dr. Lester a Request to Staff. Petitioner also sent Dennis Rose, the Chief of Security, two Requests to Staff on the same day. Chief Rose answered the first request and instructed petitioner to

write the specific problem on the request, which petitioner did.

On June 1, 2006, petitioner was summoned to Dr. Lester's office. Petitioner suggested that Counselor Vaughn might be able to assist with the problem, so Dr. Lester called Vaughn. Dr. Lester spoke to Vaughn about ten minutes and unsuccessfully attempted to phone Chief Rose. At Dr. Lester's request, Deputy Warden Cyndi Hendrix came to Dr. Lester's office, and Dr. Lester explained the situation to Hendrix. Hendrix then called Chief Rose who also came to Dr. Lester's office. Dr. Lester told Chief Rose that petitioner wanted another bunk assignment, but he had a bottom bunk restriction. Chief Rose stated that petitioner's cellmate would be moved, because of petitioner's bottom bunk assignment. After Chief Rose left, Deputy Warden Hendrix told Dr. Lester that petitioner's cellmate had been trying to get a bottom bunk, but Hendrix did not want Inmate Beard assigned to a bottom bunk.

Inmate Beard became very upset when he was ordered to move on June 6, 2006, because he was assigned to his cubicle before petitioner arrived. Petitioner claims Beard told Unit Manager Diane McGee a concocted story that petitioner had forced Beard out of the cubicle, so petitioner could have his own television. McGee then issued petitioner the misconduct for Individual Disruptive Behavior, because petitioner allegedly had manipulated and coerced the staff by telling them he was having problems with his cellmate. Petitioner also asserts Unit Manager McGee issued him the misconduct because she was upset that Chief Rose ordered Beard's move without informing her.

The respondent has filed a motion to dismiss (Docket #6), alleging petitioner has exhausted his state administrative remedies for the misconduct conviction, but he has not exhausted his state judicial remedies under Okla. Stat. tit. 57, § 564.1 (2005). The record

shows that petitioner received an Offense Report for Individual Disruptive Behavior on June 12, 2006, after prison staff discovered he had manipulated prison staff to obtain a privilege. He was found guilty at his June 13, 2006, disciplinary hearing. The facility head approved that determination on June 14, 2006, and petitioner's final administrative appeal was denied on August 7, 2006.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731.

In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a Petition for Judicial Review, pursuant to Okla. Stat. tit. 57, § 564.1. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

Petitioner has filed a Motion to Assume Original Jurisdiction (Docket #7), which the court construed as a reply to the respondent's motion to dismiss (Docket #9). Petitioner alleges he filed a timely Petition for Judicial Review in the District Court of Oklahoma County, but on November 15, 2006, that court entered an order that apparently did not allow the petition to be filed. The state court's Order of the Court stated only a finding that "The foregoing petition does not comply with the law for the following reasons: Same action filed in federal court." Petitioner asserts, however, that approximately one week earlier, the same

state district court judge allowed Inmate Gary Grayham to file a § 564.1 Petition for Judicial Review of his lost earned credits, while Grayham also had a federal habeas corpus petition pending. *See Grayham v. Dep't of Corrections*, No. CJ-2006-9231 (Okla. County Dist. Ct. Nov. 8, 2006).[1] The basis for the state district court's rejection of petitioner's state court petition is unclear, especially in light of petitioner's allegations about Inmate Grayham's state petition. Okla. Stat. tit. 57, § 564.1, does not expressly prohibit an inmate from pursuing the state judicial review when he has a federal habeas corpus petition pending. Petitioner apparently has attempted to comply with the requirements of § 564.1, but the respondent has failed to respond to the allegations in petitioner's Motion to Assume Original Jurisdiction. Therefore, the respondent's motion to dismiss for failure to exhaust state judicial remedies cannot be granted.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus (Docket #6) is DENIED. The respondent is directed to show cause why the petition for writ of habeas corpus should not issue by filing a response within twenty (20) days to petitioner's allegations concerning his state court judicial petition.

**IT IS SO ORDERED** this 13th day of September 2007.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[1] According to www.oscn.net, Inmate Grayham's petition was denied on the merits on January 22, 2007.

4