## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

BOBBY CULBREATH,                    )
                                    )
                Petitioner,         )
                                    )
v.                                  )        Case No. CIV 06-378-RAW-KEW
                                    )
JUSTIN JONES, DOC DIRECTOR,         )
                                    )
                Respondent.         )

## OPINION AND ORDER

This matter is before the court on the respondent's second motion to dismiss

petitioner's petition for a writ of habeas corpus [Docket #12]. Petitioner, an inmate in the

custody of the Oklahoma Department of Corrections who is incarcerated at John Lilley

Correctional Center in Boley, Oklahoma, is challenging his loss of 120 earned credits, along

with other punishments, from an allegedly wrongful misconduct conviction for Individual

Disruptive Behavior at Howard McLeod Correctional Center in Atoka, Oklahoma.

The facts of the case were set forth in detail in the court's Opinion and Order denying

the respondent's first motion to dismiss [Docket #10]. The record shows that on June 12,

2006, Unit Manager Diane McGee issued petitioner an Offense Report for Individual

Disruptive Behavior, because petitioner allegedly had manipulated and coerced the staff by

telling them he was having problems with his cellmate. Petitioner claims McGee was upset,

because the cellmate had been moved without advising her. Petitioner was found guilty at

his June 13, 2006, disciplinary hearing, and the facility head affirmed on June 14, 2006.

Petitioner's final administrative appeal was denied on August 7, 2006.

The respondent alleges petitioner has exhausted his state administrative remedies for his misconduct conviction, but he has not exhausted his state judicial remedies under Okla. Stat. tit. 57, § 564.1, by filing a Petition for Judicial Review. Petitioner alleges he filed a timely Petition for Judicial Review in the District Court of Oklahoma County, but it was returned as improper on November 15, 2006. The state district court's Order of the Court stated that petitioner's Petition for Judicial Review did not comply with the law, because the same action had been filed in federal court. While Okla. Stat. tit. 57, § 564.1, does not address whether a Petition for Judicial Review can be filed when another action concerning the same matter is pending, Okla. Stat. tit, 12, § 2012(B)(8), prohibits the filing of an action, when another action between the same parties for the same claim is pending. In petitioner's case, this federal habeas corpus action was pending, when he filed his first state court action.

On November 22, 2006, petitioner sought a writ of mandamus from the Oklahoma Court of Criminal Appeals (OCCA), requesting that he be allowed to resubmit his Petition for Judicial Review to the Oklahoma County District Court. The OCCA denied relief, because he had failed to meet his burden for a writ of mandamus. *Culbreath v. Black*, No. MA 2006-1237, slip op. at 1 (Okla. Crim. App. Dec. 14, 2006) (citing Rule 10.6(B), *Rules of the Okla. Ct. of Crim. App.*, Okla. Stat. tit. 22, Ch. 18, App. (2006)). Petitioner also had failed to file a copy of the application filed in the state district court or to provide the state district court case number. *Id.*[1]

On January 8, 2007, petitioner filed another petition for a writ of mandamus in the

---

[1] It appears from the record that the Oklahoma County District Court never assigned a case number to petitioner's attempted Petition for Judicial Review. *See* Docket #12-4 at 5.

2

OCCA, again asking to resubmit his Petition for Judicial Review. This second mandamus action was denied as untimely. *Culbreath v. Black*, No. MA 2007-0017, slip op. at 1 (Okla. Crim. App. Jan. 26, 2007) (citing Rule 10.1(C), *Rules of the Okla. Ct. of Crim. App.*, Okla. Stat. tit. 22, Ch. 18, App. (2006)).

Petitioner's failure to exhaust his state court remedies is complicated by the fact that it now is too late for him to file a proper Petition for Judicial Review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007). (citing *Woodford v. Ngo*, 548 U.S. 81, ___, 126 S.Ct. 2378, 2387 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket #12] is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this _4th_ day of April 2008.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3